**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DOREITHA M. BROOKS,

          Plaintiff,

vs.

HOLIDAY HEALTHCARE, L.L.C.,

          Defendant.

Case No.06-2340-KHV

## PROTECTIVE ORDER

WHEREAS, the parties are engaged in a discovery program which involves, among other things, the production or disclosure of information that may include protected health information of residents of the Defendant's skilled nursing facility, information which is deemed confidential under State and Federal law and regulation, including, but not limited to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and regulations adopted pursuant thereto, specifically 45 C.F.R. Parts 160 and 164 and amendments thereto, personnel and payroll records and personal tax returns of the Plaintiff.

IT IS HEREBY ORDERED:

1.      This Protective Order applies to all "Confidential Information" as defined herein that is contained in documents or information produced or disclosed in this Action ("Discovery Material"), whether revealed in a document, deposition, and interrogatory answer, or otherwise.

2.      "Confidential Information" means any type or classification of information that is designated as "Confidential" by either party, and reasonably believed to be subject to protection under Fed. R. Civ. P.26(c)(7); HIPAA or its implementing regulations, or personally identifiable information in personnel and payroll records and tax returns, whether revealed during a deposition,

Doreitha M. Brooks v. Holiday Healthcare, L.L.C.
Case No. 06 CV 2340
Page 2

in a document, in an interrogatory answer, or otherwise.   In designating information as "Confidential," the party will make such designation only as to that information that the party in good faith believes to be protected health information as defined by HIPAA and/or 45 C.F.R. § 164.501 and personally identifiable information in personnel and payroll records and tax returns.

3.     The "Action" means *Doreitha M. Brooks v. Holiday Healthcare, L.L.C.*, Case No. 06 CV 2340, filed in the United States District Court for the District of Kansas.

4.     "Document" means any written or graphic matter, no matter how produced, recorded, stored, or reproduced and includes tape recordings or other electronically created or stored data, together with the programming instructions and other written material necessary to understand such tapes and data.

5.     "Qualified Persons" means (a) in-house and outside counsel representing a party in the Action, including associate attorneys and paralegals; (b) experts who are assisting counsel in the Action; (c) any litigation assistant, paralegal, stenographic, secretarial, or clerical personnel assisting such counsel in the Action; (d) any litigation assistant, paralegal, steographic, secretarial, or clerical personnel assisting employed by the expert assisting such expert in the Action; (e) any court reporter or typist or videographer recording or transcribing testimony; (f) the Court, court personnel, or a jury empaneled in the above-captioned matter; (g) the parties, or officers, directors, and/or employees of the parties; (h) potential witnesses; and (i) any other persons agreed to in writing by the parties, either as to all or any Confidential Information in the Action.

6.     "Termination of the Action" means within 60 days after the entry of the final judgment or stipulation of dismissal, if there is a settlement, or in the case of appeal, the date when all appeals are resolved.

Doreitha M. Brooks v. Holiday Healthcare, L.L.C.
Case No. 06 CV 2340
Page 3

7.     The parties will use the Discovery Material and Confidential Information produced pursuant to this Protective Order only for the purpose of preparing for or conducting the Action and for no other purpose.  The parties may designate documents as Confidential after providing access thereto to the opposing party without waiving the right to make such designations, so long as such designations are made promptly after such documents are reviewed by the opposing party.

8.     This Order shall be without prejudice to the right of any party: (a) to oppose production of information for any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege; (b) to petition the Court for a further protective order relating to any purportedly confidential information; or (c) to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.  The existence of this Order shall not be used by any party as a basis for discovery that is not otherwise proper under the Federal Rules of Civil Procedure.  This Order is not intended to restrict the use by any party of information secured through discovery or otherwise, which is authorized by state or federal law, administrative regulation, or contract entered into pursuant to those laws or regulations.

9.     Except as provided in this Order, Confidential Information produced in this Action will be disclosed by the receiving party only to Qualified Persons who must have read this Order, the Court, court personnel, and/or a jury empaneled in the above-captioned matter.

10.    Material designated as Confidential may be used at a nonparty deposition only if necessary to the testimony of the witness. Before material designated as Confidential may be used at a deposition, counsel for the party using such material must provide the witness with a copy of this Protective Order and shall have the witness execute the confidentiality agreement, attached hereto, which shall be entered as an exhibit in the witness's deposition.

11.     Any Confidential Information supplied in written or documentary form must be labeled by the supplying party as "Confidential."  All deposition transcripts must be treated as Confidential Information for a period of ten (10) business days after receipt of such deposition transcript to allow time for the parties to make their Confidential Information designations.  Persons may be deposed regarding Confidential Information pursuant to the terms of this Paragraph and Paragraph 10.  Only Qualified Persons and the witness may be present at such depositions.

12.     Any party seeking to file Confidential Information with the Court must first file a motion with the Court and be granted leave to file the particular document(s) under seal.  *See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D.Kan.June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D.Kan.Feb. 17, 2004)(same).  All Confidential Information that is filed with the Court must be filed in sealed envelopes or other appropriately sealed containers on which are endorsed with the title to the Action, the word 'CONFIDENTIAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court or pursuant to stipulation of the parties to this action."

Said envelope or container must not be opened without further order of the Court except by the Court or counsel of record, who shall return the document to the Clerk in the sealed envelope or container.

13.     If the receiving party disagrees with the designation by the producing party of any information as Confidential Information, then the parties shall first try to resolve such dispute on an

Doreitha M. Brooks v. Holiday Healthcare, L.L.C.
Case No. 06 CV 2340
Page 5

informal basis before presenting the dispute to the Court.  If the parties fail to resolve such dispute informally, the producing party bears the burden of persuading the Court that the information is, in fact, Confidential.

14.     No party is obligated to challenge the propriety of a Confidential designation, and a failure to do so will not preclude a subsequent attack on the propriety of such designation.

15.     The receiving party must maintain all Confidential Information produced or exchanged in this Action or notes or other records regarding the contents thereof, in the custody of in-house or outside counsel who have been designated as Qualified Persons, and no partial or complete copies thereof may be retained by anyone else at any other location than the offices of such counsel, except when being used by experts in connection with the Action, or at depositions, unless otherwise authorized by stipulation of the parties or by order of the Court.

16.     Upon Termination of the Action, each party shall within thirty (30) days assemble and return to the supplying party, with the cost of shipping borne by the supplying party, all Discovery Material and Confidential Information and documentary material or memorandum embodying information designated Confidential, including all copies of such memoranda or documentary material which may have been made, but not including any notes or other attorney's work product that may have been placed thereon by counsel for the receiving party.  Alternatively, at the option of the supplying party, the receiving party will destroy all such materials within thirty (30) days of the Termination of the Action and certify to the supplying party that he or it has done so.  As to any copies of Confidential Information claimed to be attorney's work product, they must be destroyed by the receiving party within thirty (30) days of the Termination of the Action, and that party must certify to the supplying party that he or it has done so.

Doreitha M. Brooks v. Holiday Healthcare, L.L.C.
Case No. 06 CV 2340
Page 6

17.     Nothing in this Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and use of Discovery Material and Confidential Information, or other modification.

18.     If any person receiving documents covered by this Order (a) is subpoenaed in another action, (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this Action, seeking Discovery Material which was produced or designated as Confidential by someone other than the receiving party, the receiving party must promptly notify the supplying party of receipt of such subpoena, demand, or legal process, and will decline to produce such material unless otherwise ordered by a court.  Should the person seeking access to the Confidential Information take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand, or other legal process, the receiving party will respond by setting forth the existence of this Order and, other than providing notice pursuant to the previous sentence, will be under no further obligation to preserve the confidentiality of any such documents in connection with such subpoena, demand, or legal process. Nothing here may be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

19.     Any party may seek leave of the Court to reopen the case to enforce the provisions of this Protective Order.

        IT IS SO ORDERED.

        Dated this 3rd day of May, 2007, at Topeka, Kansas.

Doreitha M. Brooks v. Holiday Healthcare, L.L.C.
Case No. 06 CV 2340
Page 7

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge

Doreitha M. Brooks v. Holiday Healthcare, L.L.C.
Case No. 06 CV 2340
Page 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DOREITHA M. BROOKS,

            Plaintiff,

vs.

HOLIDAY HEALTHCARE, L.L.C.,

            Defendant.

Case No. 06-CV-2340

### CONFIDENTIALITY AGREEMENT

I acknowledge that I, [INSERT NAME], [INSERT POSITION OF EMPLOYMENT], am about to receive Confidential Information supplied by [INSERT NAME OF SUPPLIER].  I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Court order of [DATE] in Doreitha M. Brooks v. Holiday Healthcare, L.L.C., Case No. 06 CV 2340, filed in the United States District Court for the District of Kansas, and that I have been given a copy of and have read the Protective Order and agree to be bound by the terms thereof. I understand that such information and any copies I make of any documentary material containing Confidential Information or any notes or other records that contain such information shall not be disclosed to others, except with respect to "Qualified Persons" as provided in that Order.

Signed this _____ day of _____, 2007.

_____
[INSERT WITNESS NAME]